## Jabez C. Woodman *versus* York & C. Railroad Company & Stephen W. Eaton, *Trustee*, & Willis & Churchill, *Assignees*.

Where a railroad corporation had conveyed to certain persons all its property, *in trust*, to secure the payment of certain debts, the trustees to have the right to take possession of the property and dispose of the same in case of default of the company to pay such debts; and the trustees permit the company to use and manage the road and other property, its funds, in the hands of its treasurer at the time of the conveyance, are embraced therein, and cannot be held against the paramount right of said trustees, by a creditor of the company, who has subsequently caused them to be attached on trustee process.

In this case, the principal defendants were defaulted; and the alleged trustee disclosed that he had formerly been the treasurer of the railroad company, and that there was a balance due from him to the company. Thereupon William Willis and James C. Churchill appeared and claimed the funds in the hands of Eaton, by virtue of a conveyance of all the property belonging to the railroad company, made to them *in trust*, for certain purposes, January 1, 1857. Eaton had been treasurer before that time, and the funds in controversy were then in his hands. The corporation still continued in possession of the railroad and other property, managing it for their own use. But, in case of failure, by the corporation, to pay certain bonds and coupons secured by the conveyance *in trust*, it was the right of the trustees to take possession of and manage the property, or sell it by auction, for the purposes specified in the conveyance to them.

The plaintiff claimed that, as the corporation had remained in possession, managing the property exclusively for their own benefit, the money in the hands of Eaton belonged to the corporation, and was subject to be attached on trustee process by the creditors thereof. But DAVIS, J., before whom the case was heard, ruled otherwise, and the plaintiff filed exceptions. The questions presented by the bill of exceptions were very fully argued by

*Woodman, pro se.*

*Fox,* for Willis & al.

The exceptions were *overruled* by the full Court, by whom it was *held*:—

*That* the money in Eaton's hands, was embraced in the deed of trust to Willis & Churchill:—

*And that,* whatever were the rights of Willis & Churchill, *as against the corporation*, before taking possession of the property, they might interfere at any time, as against *third parties,* to prevent any of the property from being destroyed,

or put beyond their reach, the right of the trustees being paramount to that of attaching creditors.